# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA W. DAVILLA, et al., | ) |
|     Plaintiffs/Counterclaim Defendants, | ) |
| vs. | ) Case No. CIV-15-1262-M |
| ENABLE MIDSTREAM PARTNERS, L.P., et al., | ) |
|     Defendants/Counterclaim Plaintiffs. | ) |

## ORDER

Before the Court is plaintiffs/counterclaim defendants' Motion to Dismiss Counterclaim, filed January 8, 2016. On March 7, 2016, defendants/counterclaim plaintiffs filed their response, and on March 14, 2016, plaintiffs/counterclaim defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

This action involves an approximate 137 acre tract of land in Caddo County, Oklahoma, which had originally been an Indian allotment to Millie Oheltoint (Emaugobah), held in trust by the United States Department of Interior, Bureau of Indian Affairs ("BIA"). Thirty-eight (38) Indians and the Kiowa Indian Tribe of Oklahoma ("Kiowa Tribe") own undivided interests in the tract. The Kiowa Tribe obtained its approximately 1.1% undivided interest sometime after 2008, on the death of certain Indian owners and by operation of the American Indian Probate Reform Act.

On November 19, 1980, the BIA approved the grant of a .73 acre easement across the southern part of the tract in exchange for consideration of $1,925.00 for a twenty (20) year term right-of-way for defendants/counterclaim plaintiffs' predecessor in interest, Producer's Gas Company, to install, construct, operate, and maintain a natural gas transmission pipeline. The

natural gas transmission pipeline has been in continuous operation since its installation in the early 1980's. The original right of way expired in November 2000.

On or about June 14, 2002, defendants/counterclaim plaintiffs' predecessor-in-interest, Enogex, Inc. ("Enogex"), submitted to the BIA a new application for a new 20-year term regarding the existing natural gas pipeline right-of-way. Plaintiff/Counterclaim Defendant Marcia Davilla, among others, rejected Enogex's offer on or about August 8, 2004. Despite the landowners' rejection of Enogex's offer, on June 23, 2008, the Acting Superintendent of the BIA's Anadarko Agency approved Enogex's application for the easement. On July 22, 2008, thirteen owners of the tract again rejected Enogex's offer for an easement by consent. Twelve of those landowners separately wrote to the acting superintendent requesting that she withdraw her decision approving Enogex's renewal request.

On March 23, 2010, the BIA vacated the acting superintendent's decision and remanded the case for further negotiation and instructed that if approval of a right-of-way was not timely secured that Enogex should be directed to move the pipeline. A new right of way has not been granted, and defendants/counterclaim plaintiffs have continued to operate the natural gas pipeline. On November 16, 2015, plaintiffs filed the instant action for trespass against defendants. On December 15, 2015, defendants filed a counterclaim in this case, seeking to condemn a twenty-five (25) foot wide natural gas pipeline easement through the tract.

## II.     Discussion

Plaintiffs/Counterclaim Defendants move this Court to dismiss defendants/counterclaim plaintiffs' counterclaim. Specifically, plaintiffs/counterclaim defendants contend that the Kiowa

Tribe is a required party to this action under Federal Rules of Civil Procedure 19(a) and 71.1[1], that the Kiowa Tribe cannot be joined in this action because it has sovereign immunity from suit, and under the factors set forth in Federal Rule of Civil Procedure 19(b), equity and good conscience mandate that the counterclaim be dismissed.

Rule 19(a)(1) provides:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Further, Rule 71.1(c)(3) provides:

> When the action commences, the plaintiff need join as defendants only those persons who have or claim an interest in the property and whose names are then known. But before any hearing on compensation, the plaintiff must add as defendants all those persons who have or claim an interest and whose names have become known or can be found by a reasonably diligent search of the records, considering both the property's character and value and the interests to be acquired. All others may be made defendants under the designation "Unknown Owners."

Fed. R. Civ. P. 71.1(c)(3).

---

[1]Rule 71.1 addresses condemning real or personal property.

Having reviewed the parties' submissions, the Court finds that the Kiowa Tribe is a required party to this case. Specifically, the Court finds that because the Kiowa Tribe owns a 1.1% undivided interest in the tract at issue, Rule 71.1(c)(3) requires that the Kiowa Tribe be joined as a defendant to the counterclaim in this case. Further, the Court finds that in the Kiowa Tribe's absence, this Court cannot accord complete relief among the existing parties – defendants/counterclaim plaintiffs cannot access the tract without a right-of-way easement that is binding on all of the owners. Additionally, the Court finds that because the Kiowa Tribe owns a 1.1% undivided interest in the tract at issue, the Kiowa Tribe clearly claims an interest relating to the subject of the counterclaim and that disposing of the counterclaim in the Kiowa Tribe's absence would leave defendants/counterclaim plaintiffs subject to a substantial risk of incurring inconsistent obligations because of the Kiowa Tribe's interest – plaintiffs/counterclaim defendants' interests in the tract would be condemned but the Kiowa Tribe would retain its interest in the tract and could exclude defendants/counterclaim plaintiffs from the tract and could pursue claims for trespass.

While the Kiowa Tribe is a required party, the Court finds that the Kiowa Tribe cannot be joined as a party to the counterclaim. "Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (internal quotations omitted). The Kiowa Tribe is a federally recognized tribe and has sovereign immunity from suit. *See Kiowa Tribe of Okla. v. Mfg. Tech., Inc.*, 523 U.S. 751 (1998). Further, "[i]t is settled that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Santa Clara*, 436 U.S. at 58 (internal quotations and citations omitted). Defendants/Counterclaim Plaintiffs do not assert, and the Court does not find, that the Kiowa Tribe has expressly waived its sovereign immunity. Accordingly, the Court finds

4

that the Kiowa Tribe cannot be joined under Rule 19(a) or Rule 71.1 as a defendant to the counterclaim in this case due to its sovereign immunity.

Because the Kiowa Tribe cannot be joined as a defendant to the counterclaim in this case, the Court must determine whether Rule 19(b) requires dismissal of this action. Rule 19(b) provides:

> **(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> > **(1)** the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> > **(2)** the extent to which any prejudice could be lessened or avoided by:
> > > **(A)** protective provisions in the judgment;
> > > **(B)** shaping the relief; or
> > > **(C)** other measures;
> > **(3)** whether a judgment rendered in the person's absence would be adequate; and
> > **(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). Further, when "a necessary party under Rule 19(a) is immune from suit, there is very little room for balancing of other factors set out in Rule 19(b), because immunity may be viewed as one of those interests compelling by themselves." *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989) (internal quotations and citations omitted).

Having reviewed the parties' submissions, the Court finds that equity and good conscience mandate that defendants/counterclaim plaintiffs' counterclaim should be dismissed. Specifically, the Court finds that the Kiowa Tribe's sovereign immunity is an extremely compelling interest favoring dismissal of the counterclaim. Further, the Court finds that continuing with the

counterclaim without the Kiowa Tribe would irreparably prejudice the Kiowa Tribe and defendants/counterclaim plaintiffs. Granting defendants/counterclaim plaintiffs an easement across the tract without the Kiowa Tribe's presence in this case would materially prejudice the Kiowa Tribe's interest in the tract and, perhaps more importantly, would greatly prejudice the Kiowa Tribe's sovereign immunity rights. Further, it would prejudice defendants/counterclaim plaintiffs by potentially subjecting them to inconsistent obligations to the various owners of the tract. The Court also finds that there is no way to lessen the above prejudice. Providing the Kiowa Tribe compensation from a condemnation award only addresses the Kiowa Tribe's property rights and does not address its sovereignty interests. There is no way to tailor any condemnation judgment to protect the Kiowa Tribe's sovereign immunity rights because it is the prosecution of the counterclaim itself that violates those rights.

Additionally, the Court finds that any judgment rendered in the Kiowa Tribe's absence would be inadequate because an incomplete condemnation judgment may be unenforceable. *See Jachetta v. United States*, 653 F.3d 898, 907 (9th Cir. 2011) ("If the United States is not a party to the action, any judicial decision condemning the land has no binding effect, so the United States may sue to cancel the judgment and set aside the conveyance made pursuant thereto."). Because the Kiowa Tribe's interest cannot be condemned in its absence, any judgment rendered in the Kiowa Tribe's absence would be meaningless. Finally, the Court finds that defendants/counterclaim plaintiffs have an adequate remedy if the counterclaim is dismissed. Defendants/Counterclaim Plaintiffs can acquire a voluntary easement under 25 U.S.C. §§ 323-328, the statutory scheme and administrative procedure that acts as an alternative to § 357's condemnation of allotted land in federal court.

Accordingly, the Court finds that the Kiowa Tribe is a required party under Rule 19(a) and Rule 71.1, that in light of its sovereign immunity, the Kiowa Tribe cannot be joined; and that under Rule 19(b), the Court, in equity and good conscience, must dismiss defendants/counterclaim plaintiffs' counterclaim.

III. Conclusion

For the reasons set forth above, the Court GRANTS plaintiffs/counterclaim defendants' Motion to Dismiss Counterclaim [docket no. 14] and DISMISSES defendants/counterclaim plaintiffs' counterclaim.

**IT IS SO ORDERED this 18th day of August, 2016.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE