# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA W. DAVILLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1262-M |
| ) | |
| ENABLE MIDSTREAM PARTNERS, ) | |
| L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiffs' Motion to Strike Defendants' First and Second Affirmative Defenses, filed January 8, 2016. On March 7, 2016, defendants filed their response, and on March 14, 2016, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

## I. Introduction

On November 16, 2015, plaintiffs filed the instant action seeking injunctive relief and damages against defendants arising from defendants' alleged continued unauthorized use of plaintiffs' land. On December 15, 2015, defendants filed their answer, which included affirmative defenses based on Federal Rules of Civil Procedure 17 and 19. Plaintiffs now move, pursuant to Federal Rule of Civil Procedure 12(f), to strike defendants' first and second affirmative defenses.

## II. Discussion

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. *See Scherer v. United States Dep't of Educ.*, 78 Fed. App'x 687, 689 (10th Cir. 2003).

Having carefully reviewed the parties' submissions, and because the issues raised in relation to the affirmative defenses are matters of law, the Court finds it is appropriate to rule on plaintiffs' motion to strike. Further, while the Tenth Circuit has not ruled on whether *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) apply to pleading affirmative defenses, this Court has ruled that they do apply. *See Burget v. Capital W. Secs., Inc.*, Case No. CIV-09-1015-M, 2009 WL 4807619 (W.D. Okla. Dec. 8, 2009). The Court, therefore, finds that the affirmative defenses at issue in this case must satisfy the pleading standards set forth in *Twombly* and *Iqbal*.

      A.      <u>Affirmative defense based upon Rule 17</u>

In their second affirmative defense, defendants assert: "Plaintiffs have failed to comply with Rule 17 of the Federal Rules of Civil Procedure, in that it is unsettled whether Plaintiffs, as beneficiaries of a restricted allotment, may prosecute this action in their individual capacities." Answer [docket no. 6] at 14. Having carefully reviewed the parties' submissions and the case law, the Court finds that it is well established that individual allottees may bring an independent action to protect their interests in lands that are held in trust by the federal government for their benefit. *See Poafpybitty v. Skelly Oil Co.*, 390 U.S. 365, 368-372 (1968) (holding that Indian allottee can institute court actions to protect his property rights); *Sadler v. Pub. Nat'l Bank & Trust Co. of N.Y.*, 172 F.2d 870, 874 (10th Cir. 1949) ("A restricted Indian is not without capacity to sue or to be sued with respect to his affairs, including his restricted property.") The Court, therefore, finds that plaintiffs may maintain this trespass action in their individual capacities and that defendants' second affirmative defense should be stricken.

B.  Affirmative defense based on Rule 19

In their first affirmative defense, defendants assert: "Plaintiffs have failed to join a necessary and proper party under Rule 19 of the Federal Rules of Civil Procedure, namely the BIA, as the Trustee for the allotment owners, or provide proper legal notice to the BIA." Answer at 13-14.[1] Rule 19(a)(1) provides:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1) *Required Party*.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
>>> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Having carefully reviewed the parties' submissions, the Court finds that the United States is not a required party under Rule 19(a). First, the Court finds that even in the United States' absence, the Court can accord complete relief among the existing parties (plaintiffs and defendants) in this trespass action. Since the United States is the holder of only the legal title to the trust land and would claim trespass damages only to benefit the allottees (plaintiffs), this Court can determine whether defendants are trespassing on the trust land and what damages they might owe to plaintiffs

---

[1] In their response, defendants contend that the BIA is a required party for purposes of defendants' condemnation counterclaim. On August 18, 2016, the Court granted plaintiffs' motion to dismiss defendants' counterclaim and dismissed defendants' condemnation counterclaim.

without the United States as a party. Second, the Court finds that disposing of this action in the United States' absence will not impair its ability to protect its interest. The United States' interest is only as holder of legal title to the trust land, and if it were to pursue and recover any trespass damages relating to the trust land, it would be doing so on behalf of plaintiffs and would provide any recovery to them. Further, the United States' interest cannot suffer harm because the United States is not bound by any judgment to which it is not a party. Third, the Court finds that disposing of this action in the United States' absence will not subject defendants to multiple or inconsistent obligations. Since the United States would be bringing a trespass action only on behalf of plaintiffs, if plaintiffs bring an action on their own, the United States would have no reason to bring a different or separate action that would result in multiple or inconsistent obligations for defendants.

Finally, numerous courts have held that the United States is not an indispensable/required party in these situations. *See Choctaw and Chickasaw Nation v. Seitz*, 193 F.2d 456 (10th Cir. 1951); *Bird Bear v. McLean Cty.*, 513 F.2d 190, 191 n.6 (8th Cir. 1975); *Puyallop Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1254 (9th Cir. 1983). The Tenth Circuit has found:

> We find it difficult to believe that the Supreme Court, in recognizing the right of restricted Indians, Indian tribes and pueblos to maintain an action with respect to their lands, was dealing only with the capacity to maintain the action. Clearly, its language had reference to suits to which the United States was not a party. We cannot think the Supreme Court would have dealt so extensively with the mere capacity of the restricted Indians, the tribes, and pueblos to sue and defend in respect to their lands, if it regarded the United States as an indispensable party to the action. A holding that restricted Indians, tribes, or pueblos have capacity to prosecute or defend an action with respect to their lands would be of no avail to them, if the United States is an indispensable party to such an action, since the joinder of the United States cannot be compelled. We think the inference must be drawn that the Supreme Court recognized the right of the restricted Indian, tribe, and pueblo to maintain such an action without the presence of the United States as a party.

4

*Choctaw and Chickasaw Nation*, 193 F.2d at 459-60.

Accordingly, the Court finds that plaintiffs did not fail to join a required party under Rule 19 and that defendants' first affirmative defense should be stricken.

III. Conclusion

For the reasons set forth above, the Court GRANTS plaintiffs' Motion to Strike Defendants' First and Second Affirmative Defenses [docket no. 13] and STRIKES defendants' first and second affirmative defenses.

**IT IS SO ORDERED this 19th day of August, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE