# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA W. DAVILLA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-15-1262-M |
| ) | |
| ENABLE MIDSTREAM PARTNERS, ) | |
| L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants' Motion to Determine Proper Measure of Damages and Rules for Decision, filed March 31, 2016. On May 3, 2016, plaintiffs filed their response, and on May 10, 2016, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.     Background

Defendants are the owner and operator of a network of natural gas transmission pipelines across Oklahoma. Defendants' transmission pipeline crosses an approximate 137 acre tract of land in Caddo County, Oklahoma, which had originally been an Indian allotment to Millie Oheltoint (Emaugobah), held in trust by the United States Department of the Interior, Bureau of Indian Affairs ("BIA"). Thirty-eight (38) Indians and the Kiowa Indian Tribe of Oklahoma ("Kiowa Tribe") own undivided interests in the tract. The Kiowa Tribe obtained its approximately 1.1% undivided interest sometime after 2008, on the death of certain Indian owners and by operation of the American Indian Probate Reform Act.

On November 19, 1980, the BIA approved the grant of a .73 acre easement across the southern part of the tract in exchange for consideration of $1,925.00 for a twenty (20) year term

right-of-way for defendants' predecessor in interest, Producer's Gas Company, to install, construct, operate, and maintain a natural gas transmission pipeline. The natural gas transmission pipeline has been in continuous operation since its installation in the early 1980's. The original right of way expired on November 20, 2000.

On or about June 14, 2002, defendants' predecessor-in-interest, Enogex, Inc. ("Enogex"), submitted to the BIA an application for a new 20-year term regarding the existing natural gas pipeline right-of-way. On June 23, 2008, the Interim Superintendent of the BIA's Anadarko Agency approved Enogex's application for the easement. On March 23, 2010, the BIA vacated the interim superintendent's decision and remanded the case for further negotiation and instructed that if approval of a right-of-way was not timely secured, Enogex should be directed to move the pipeline. A new right of way has not been granted, and defendants have continued to operate the natural gas pipeline. On November 16, 2015, plaintiffs filed the instant action for continuing trespass in violation of federal common law and for preliminary and permanent injunctive relief against defendants.

II.     Discussion

Defendants now move this Court to determine the following issues: (1) the rule of decision governing plaintiffs' claim for continuing trespass in violation of federal common law; (2) the rule of decision on the statute of limitations governing plaintiffs' claim for continuing trespass in violation of federal common law; (3) whether the Oklahoma substantive law provides a two-year statute of limitations on plaintiffs' trespass claim; (4) when plaintiffs' cause of action for trespass accrued; (5) what the proper measure of compensatory damages for continuing trespass is in this

case; and (6) whether plaintiffs' maximum recovery for compensatory damages for trespass is the total diminution of the value of the land affected by the trespass.

### A. Rule of decision governing plaintiffs' trespass claim

Defendants assert that Oklahoma substantive law provides the rule of decision governing plaintiffs' federal common law claim for continuing trespass. Plaintiffs, however, contend that their trespass claim is governed by federal common law.

"Indian rights to a Congressional allotment are governed by federal – not state – law." *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1282 (10th Cir. 2010). *See also United States v. Milner*, 583 F.3d 1174, 1182 (9th Cir. 2009) ("Federal common law governs an action for trespass on Indian lands." (citations omitted)). However, state law is sometimes borrowed and applied to federal common law claims as long as the application of the state law would not be inconsistent with federal law or underlying federal policies. *See Cty. of Oneida, N.Y. v. Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 240-41 (1985); *Cal. ex rel. State Lands Comm'n v. United States*, 457 U.S. 273, 283 (1982); *Nahno-Lopez*, 625 F.3d at 1282-83.

The Court, therefore, finds that federal common law governs plaintiffs' claim for continuing trespass but that Oklahoma trespass law may provide the rule of decision for certain aspects of plaintiffs' claim, as long as the application of Oklahoma law would not be inconsistent with federal law or underlying federal policies.

### B. Statute of limitations

Defendants assert that Oklahoma substantive law provides the rule of decision governing the statute of limitations on plaintiffs' trespass claim and that Oklahoma law provides a two-year statute of limitations for plaintiffs' trespass claim. Plaintiffs, on the other hand, contend that under

3

controlling Supreme Court precedent, there is no statute of limitations for plaintiffs' federal common law claim for trespass.

The United States Supreme Court has held:

> [t]here is no federal statute of limitations governing federal common-law actions by Indians to enforce property rights. In the absence of a controlling federal limitations period, the general rule is that a state limitations period for an analogous cause of action is borrowed and applied to the federal claim, provided that the application of the state statute would not be inconsistent with underlying federal policies. We think the borrowing of a state limitations period in these cases would be inconsistent with federal policy. Indeed, on a number of occasions Congress has made this clear with respect to Indian land claims.
>
> \*     \*     \*
>
> It would be a violation of Congress' will were we to hold that a state statute of limitations period should be borrowed in these circumstances.

*Oneida*, 470 U.S. at 240-41, 244 (internal citations omitted).

In light of the Supreme Court's ruling in *Oneida*, the Court finds that the two-year statute of limitations under Oklahoma law should not be borrowed and applied to plaintiffs' trespass claim – a federal common law claim by Indians to enforce their property rights. Further, the Court finds that plaintiffs' federal common law claim for trespass is not subject to any statute of limitations.[1] *See Oneida*, 470 U.S. at 244.

C.    Proper measure of damages

Defendants assert that Oklahoma law provides the proper measure of compensatory damages for plaintiffs' trespass claim and that plaintiffs' maximum recovery for trespass is the total

---

[1] Because this Court has found that plaintiffs' federal common law claim for trespass is not subject to any statute of limitations, the Court need not determine at this time when plaintiffs' cause of action for trespass accrued.

4

diminution of the value of the land affected by the trespass. Plaintiffs, on the other hand, assert that under federal common law, they are entitled to an accounting of defendants' profits from the operation of their pipeline and recovery of the pro-rata share of those profits that is attributable to the portion of the pipeline that has been located on their property.

As set forth above, federal common law governs plaintiffs' trespass claim. Additionally, there is clear case law setting forth what remedies are available under federal common law for trespass on Indian land.[2] The Court, therefore, finds that it would be inappropriate to borrow Oklahoma law on damages for trespass in the instant action and that plaintiffs will be able to pursue those damages that are available under federal common law.

III. Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendants' Motion to Determine Proper Measure of Damages and Rules for Decision [docket no. 31] as follows:

(A) The Court GRANTS the motion by determining the proper damages and rules of decision in this case as set forth above, and

(B) The Court DENIES the motion as to the determinations defendants request this Court to make.

**IT IS SO ORDERED this 28th day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2]Remedies for trespass on Indian land under federal common law include: ejectment and damages, *Marsh v. Brooks*, 49 U.S. 223, 232 (1850); accounting, *United States v. Santa Fe Pac. R.R.*, 314 U.S. 339, 359 (1941), and damages, *Oneida*, 470 U.S. at 233-34.