# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA W. DAVILLA, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. CIV-15-1262-M |
| ENABLE MIDSTREAM PARTNERS, L.P., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion for Partial Summary Judgment on Liability for Their Trespass Claim and for a Permanent Injunction, filed April 1, 2016. On May 3, 2016, defendants filed their response, and on May 10, 2016, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Background

Defendants are the owner and operator of a network of natural gas transmission pipelines across Oklahoma. Defendants' transmission pipeline crosses an approximate 137 acre tract of land in Caddo County, Oklahoma, which had originally been an Indian allotment to Millie Oheltoint (Emaugobah), held in trust by the United States Department of the Interior, Bureau of Indian Affairs ("BIA"). Thirty-eight (38) Indians and the Kiowa Indian Tribe of Oklahoma ("Kiowa Tribe") own undivided interests in the tract, varying from 28.6% down to less than 9/10ths of a percent. The Kiowa Tribe obtained its approximately 1.1% undivided interest sometime after 2008, on the death of certain Indian owners and by operation of the American Indian Probate Reform Act.

On November 19, 1980, the BIA approved the grant of a .73 acre easement across the southern part of the tract in exchange for consideration of $1,925.00 for a twenty (20) year term right-of-way for defendants' predecessor in interest, Producer's Gas Company, to install, construct, operate, and maintain a natural gas transmission pipeline. The natural gas transmission pipeline has been in continuous operation since its installation in the early 1980's. The original right of way expired on November 20, 2000.

On or about June 14, 2002, defendants' predecessor-in-interest, Enogex, Inc. ("Enogex"), submitted a right-of-way offer to the BIA and made an offer to plaintiffs for a new twenty year easement, which was rejected by a majority of the landowners.[1] Prior to submitting its application for renewal of the easement, Enogex obtained the written consent of tenant-in-common landowners Thomas Blackstar, Benjamin Blackstar, Ernie Clay Keahbone, Edmond Carter, and Rene Ware, and these written consents were submitted to the BIA with the Enogex application.[2] Further, on September 13, 2006, Enogex paid the BIA $1,098.35, inclusive of interest and assessments, for use of the .73 acre easement from the date of the expiration of the previous easement, November 18, 2000, until the date Enogex submitted its renewal application on June 14, 2002.

Despite the rejection by a majority of the landowners, on June 23, 2008, the Interim Superintendent of the BIA's Anadarko Agency approved Enogex's application for the renewal of the right-of-way easement for twenty years. Plaintiffs appealed the Interim Superintendent's

---

[1] Enogex offered to pay $3,080 for the easement.

[2] These tenant-in-common landowners collectively own less than a 10% interest in the tract.

decision, and on March 23, 2010, the BIA vacated the interim superintendent's decision.[3] The BIA determined that it did not have authority to approve the right-of-way without the consent of plaintiffs or their predecessors in interest and that the price offered by defendants was unreasonable. The BIA remanded the case for further negotiation and instructed that if approval of a right-of-way was not timely secured that Enogex should be directed to move the pipeline. A new right-of-way has not been granted, and defendants have continued to operate the natural gas pipeline. On November 16, 2015, plaintiffs filed the instant action for continuing trespass in violation of federal common law and for preliminary and permanent injunctive relief against defendants.

II.     Discussion

Plaintiffs move this Court to enter summary judgment in their favor on their trespass claim and to find defendants liable for trespass. Plaintiffs further move this Court to enter a permanent injunction requiring defendants to remove the pipeline across plaintiffs' property.

---

[3]In the March 23, 2010 letter, the BIA states:
> The trespass has been resolved based on the certified letter to Enogex, dated August 24, 2006. In fact, Enogex paid four extra years of trespass fees when considering Enogex's application tolled the ROW grant from June 14, 2002. This effectively makes the trespass rental value at about $120 per rod.

March 23, 2010 Letter from Dan Deerinwater, Regional Director of the BIA, attached as Exhibit C to plaintiffs' Motion for Partial Summary Judgment on Liability for Their Trespass Claim and for a Permanent Injunction with Brief in Support at 4.

A.   Trespass claim

1.   Summary judgment standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

2.   Merits

Plaintiffs assert they are entitled to summary judgment on the issue of liability on their trespass claim against defendants. Specifically, plaintiffs contend that defendants' trespass on their property is undisputed; defendants have admitted that they are operating a natural gas pipeline across plaintiffs' property without an easement. Plaintiffs further assert defendants' affirmative defenses do not prevent entry of summary judgment.

Defendants, however, contend that whether they are liable for trespass remains a disputed issue. Specifically, defendants contend that the five written consents to renewal of the easement that they received from the tenant-in-common landowners preclude the entry of summary judgment. Additionally, defendants contend Oklahoma's two-year statute of limitations applies in this case and that since plaintiffs have not proven when, or if, their trespass claim accrued, summary judgment should be denied.

On November 28, 2016, the Court entered an order in this case setting forth certain rules for decision in this case. Specifically, the Court found "that federal common law governs plaintiffs' claim for continuing trespass but that Oklahoma trespass law may provide the rule of decision for certain aspects of plaintiffs' claim, as long as the application of Oklahoma law would not be inconsistent with federal law or underlying federal policies." November 28, 2016 Order [docket no. 51] at 3. The Court further found "that the two-year statute of limitations under Oklahoma law should not be borrowed and applied to plaintiffs' trespass claim" and "that plaintiffs' federal common law claim for trespass is not subject to any statute of limitations." *Id.* at 4.

While defendants do not dispute that they are operating a natural gas pipeline across plaintiffs' property without an easement, defendants assert that there is no trespass in this case because under Oklahoma law consent forms a complete defense to trespass and they obtained five written consents to the renewal of the easement. While consent does form a complete defense under Oklahoma law, *see Nahno-Lopez v. Houser*, 625 F.3d 1279, 1284 (10th Cir. 2010), as set forth above, before applying this law, this Court must determine whether the application of this Oklahoma law would be inconsistent with federal law or underlying federal policies. As set forth

below, the Court finds that application of this Oklahoma law would be inconsistent with federal statutes and, thus, the Oklahoma law providing that consent is a complete defense to trespass is not applicable in this case.

The United States Congress has promulgated specific statutes regarding easements across Indian trust lands. Specifically, 25 U.S.C. § 323 provides:

> The Secretary of the Interior be, and he is hereby, empowered to grant rights-of-way for all purposes, subject to such conditions as he may prescribe, over and across any lands now or hereafter held in trust by the United States for individual Indians or Indian tribes, communities, bands, or nations, or any lands now or hereafter owned, subject to restrictions against alienation, by individual Indians or Indian tribes, communities, bands, or nations, including the lands belonging to the Pueblo Indians in New Mexico, and any other lands heretofore or hereafter acquired, or set aside for the use and benefit of the Indians.

25 U.S.C. § 323. Additionally, 25 U.S.C. § 324 provides:

> No grant of a right-of-way over and across any lands belonging to a tribe . . . shall be made without the consent of the proper tribal officials. Rights-of-way over and across lands of individual Indians may be granted without the consent of the individual Indian owners if (1) the land is owned by more than one person, and the owners or owner of a majority of the interests therein consent to the grant; (2) the whereabouts of the owner of the land or an interest therein are unknown, and the owners or owner of any interests therein whose whereabouts are known, or a majority thereof, consent to the grant; (3) the heirs or devisees of a deceased owner of the land or an interest therein have not been determined, and the Secretary of the Interior finds that the grant will cause no substantial injury to the land or any owner thereof; or (4) the owners of interests in the land are so numerous that the Secretary finds it would be impracticable to obtain their consent, and also finds that the grant will cause no substantial injury to the land or any owner thereof.

25 U.S.C. § 324.

6

In the case at bar, it is undisputed that the tenant-in-common landowners who gave defendants written consent to the renewal of the easement collectively own less than a 10% interest in the tract and, thus, do not own a majority of the interests in the tract. Because the owners of a majority of the interests in the tract did not consent to the renewal of the easement, the Court finds that the requirements of § 324 have not been met[4] and any easement based upon those consents would not be valid under § 324. The Court, therefore, finds that relying on those consents as a complete defense to plaintiffs' trespass claim in this case would be completely counter to federal law and would be improper. The Court, thus, finds that the Oklahoma law providing that consent is a complete defense to trespass is not applicable in this case.[5]

Defendants further assert that Oklahoma's two-year statute of limitations applies in this case. As set forth above, this Court has previously found that plaintiffs' federal common law claim for trespass is not subject to any statute of limitations. Accordingly, the Court finds that Oklahoma's two-year statute of limitations does not preclude summary judgment on plaintiffs' trespass claim. The Court further finds when plaintiffs' trespass claim accrued is not relevant for purposes of determining defendants' liability but is only relevant for purposes of determining plaintiffs' damages.[6]

---

4 The Court would also note that § 324's requirement for tribal approval was also not met in this case.

5 Defendants also rely upon 25 U.S.C. § 2213(a) to support their argument that these consents are valid and preclude the entry of summary judgment. Section 2213(a), however, only relates to an Indian tribe receiving a fractional interest under 25 U.S.C. § 2212 and does not address individual Indian owners.

6 The Court would note that based upon the evidence submitted, the latest that plaintiffs' trespass claim accrued was on or about March 24, 2010.

The Court, therefore, finds that plaintiffs are entitled to summary judgment as to the issue of liability on their trespass claim against defendants.

B. Permanent injunction

Upon entry of partial summary judgment, plaintiffs contend they are entitled to a permanent injunction requiring defendants to remove the pipeline from the tract at issue. Courts that have addressed whether a permanent injunction should be entered in relation to a continuing trespass do not conduct a separate analysis of the four factors a court typically considers when determining whether a permanent injunction should be entered. Instead, the courts typically enter a permanent injunction when there is a continuing trespass. "[W]here a trespasser persists in trespassing upon (the land) of another, and threatens to continue his wrongful invasion of the premises, equity will restrain such trespass." *Fairlawn Cemetery Ass'n v. First Presbyterian Church, U.S.A. of Okla. City*, 496 P.2d 1185, 1187 (Okla. 1972) (internal quotations and citation omitted). Further, "[t]his is so even . . . though the trespasser is able to respond financially in damages for in such cases the party in possession has no adequate remedy at law." *Angier v. Mathews Expl. Corp.*, 905 P.2d 826, 830 (Okla. Civ. App. 1995) (internal quotations and citation omitted). *See also Okaw Drainage Dist. of Champaign and Douglas Cty., Ill. v. Nat'l Distillers and Chem. Corp.*, 882 F.2d 1241, 1246 (7th Cir. 1989) ("the owner of property has the exclusive right to the use of the property and an automatic right to an injunction against a trespasser."); *Miller v. Cudahy Co.*, 592 F. Supp. 976, 1007 (D. Kan. 1984) (finding that continuing trespass by defendants' pipelines on property should be enjoined and ordering that defendant cease using pipelines and remove them from land); *Belusko v. Phillips Petroleum Co.*, 198 F. Supp. 140,146 (S.D. Ill. 1961) (finding injunction was appropriate remedy for company's unauthorized entry onto

land and laying of pipeline). However, some courts have declined to enter an injunction when the trespass was unintentional and when the landowner stands by and makes no objection until the greater part of the work has been completed. *See Slocum v. Phillips Petroleum Co.*, 678 P.2d 716, 720 (Okla. 1983); *Kasner v. Reynolds*, 268 P.2d 864, 864, 867 (Okla. 1954).

Having carefully reviewed the parties' submissions, and in light of the facts and circumstances in this case, the Court finds that a permanent injunction should be entered in this case. Specifically, it is plaintiffs' interests in the exclusive possession of their land which has been invaded by the presence of the pipeline and defendants' continued use of the pipeline. Further, defendants have continued to use the pipeline and although they were advised by the BIA on March 23, 2010, more than five and a half years before the instant action was filed, that "[i]f valid approval of a right of way for this tract is not timely secured, Enogex should be directed to move the pipeline off the subject property", March 23, 2010 Letter from Dan Deerinwater, Regional Director of the BIA, attached as Exhibit C to plaintiffs' Motion for Partial Summary Judgment on Liability for Their Trespass Claim and for a Permanent Injunction with Brief in Support at 4, defendants have done nothing to move the pipeline off the tract when negotiations with plaintiffs regarding the renewal of the easement failed. The Court finds defendants' continuing trespass on plaintiffs' property is clearly not unintentional. Additionally, plaintiffs have objected to the renewal of the easement and defendants' continued use of the pipeline from the time defendants first sought the renewal of the easement. Accordingly, the Court finds that in light of their continuing trespass, defendants should be permanently enjoined from using the pipeline under the tract at issue and should be required to move the pipeline within six (6) months of the date of this Order.

III. Conclusion

For the reasons set forth above, the Court GRANTS plaintiffs' Motion for Partial Summary Judgment on Liability for Their Trespass Claim and for a Permanent Injunction [docket no. 32] as follows:

(A) Plaintiffs are granted summary judgment as to the issue of liability on their trespass claim against defendants, and

(B) Defendants are hereby permanently enjoined from using the pipeline under the tract at issue in this case and are hereby required to move said pipeline within six (6) months of the date of this Order.

**IT IS SO ORDERED this 28th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE