# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCIA W. DAVILLA, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. CIV-15-1262-M ) |
| ENABLE MIDSTREAM PARTNERS, L.P., et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiffs' Motion to Compel and for Sanctions, filed March 17, 2017. On April 27, 2017, defendants filed their response, and on May 4, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiffs move this Court to compel defendants to fully respond to plaintiffs' Interrogatories 4-10 and Requests for Production of Documents 5-14. In their response, defendants state that they are supplementing their written responses to plaintiffs' interrogatories and requests for production and are producing to plaintiffs documents which contain the best available data from which plaintiffs can ascertain the volumetric, revenue, and profit information that they seek. In light of defendants' supplementation, the Court finds that plaintiffs' motion to compel is now moot.

Plaintiffs also move this Court for sanctions against defendants for their bad faith discovery conduct.[1]  Federal Rule of Civil Procedure 37(a)(5)(A) provides:

> If the motion is granted – <u>or if the disclosure or requested discovery is provided after the motion was filed</u> – the court must, after giving

---

[1] The Court would note that after the filing of plaintiffs' Motion to Compel and for Sanctions, defendants retained new counsel to represent them in conjunction with their counsel who have been representing them since the beginning of this action.

an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order the payment if:

 (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

 (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

 (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Further, "substantially justified" means having a reasonable basis both in law and fact. *See Lester v. City of Lafayette, Colo.*, 639 F. App'x 538, 541 (10th Cir. 2016).

Having carefully reviewed the parties' submissions, and particularly defendants' responses and objections to plaintiffs' discovery requests and defendants' counsel's March 8, 2017 letter, the Court finds that sanctions, and particularly payment of plaintiffs' reasonable expenses incurred in making the motion to compel, should not be ordered. In their objections to plaintiffs' discovery requests, defendants set forth a number of different objections as to each request. The Court finds that although certain of defendants' objections are clearly not substantially justified, such as defendants' objections based on relevance, other of defendants' objections are clearly substantially justified, such as defendants' objections based on undue burden and scope of the discovery requests. The Court, therefore, finds no sanctions are warranted.

Accordingly, the Court FINDS plaintiffs' Motion to Compel [docket no. 54] is now MOOT and DENIES plaintiffs' Motion for Sanctions [docket no. 54].

**IT IS SO ORDERED this 15th day of June, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE