IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARCIA W. DAVILLA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-1262-M |
| | ) | |
| ENABLE MIDSTREAM PARTNERS, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' Motion to Stay Permanent Injunction, filed July 19, 2017. On August 9, 2017, plaintiffs filed their response, and on August 16, 2017, defendants filed their reply. Based upon the parties' submissions, the Court makes its determination.

On March 28, 2017, this Court entered an order granting partial summary judgment to plaintiffs on their claims of trespass. As part of its March 28, 2017 Order, the Court permanently enjoined defendants from using the pipeline under the tract of land at issue in this case and required defendants to move said pipeline within six months of the date of the order.[1] On April 25, 2017, defendants appealed the Court's injunction order to the United States Court of Appeals for the Tenth Circuit.

Pursuant to Federal Rule of Civil Procedure 62(c), defendants now move this Court to stay enforcement of its injunction order until all appellate issues regarding the injunction order are

---

[1] Subsequent to the entry of the Court's March 28, 2017 Order, the parties engaged in settlement discussions, including mediation. On August 22, 2017, the Court granted the parties' Joint Motion for Stay and Extension of Deadlines. That order provides, in part, that if the parties are unable to reach a settlement and the Court subsequently denies defendants' Motion to Stay Permanent Injunction, defendants shall have forty-five (45) days from the Court's denial of the motion to stay to remove their pipeline from plaintiffs' property.

decided.  Defendants further request that if their appellate efforts are ultimately unsuccessful, the Court grant them a brief, three month period to comply with the Court's injunction order following exhaustion of their appellate rights.

A motion under Rule 62(c) is committed to the discretion of the court.  *See* 11 *Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d* § 2904 (2012).  In exercising its discretion, a court should consider the following factors:  (1) the threat of irreparable harm to the movant absent a stay; (2) the harm to the other parties to the litigation from the issuance of a stay; (3) the harm to the public interest; and (4) the likelihood that the movant will succeed or prevail on appeal.  *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Sec. Inv'r Prot. Corp. v. Blinder, Robinson & Co., Inc.*, 962 F.2d 960, 968 (10th Cir. 1992).  Further, as the movants, defendants have the burden of demonstrating the above four factors.  *See Sec. Inv'r Prot. Corp.*, 962 F.2d at 968.

Defendants contend that if a stay of the injunction order is not granted, their right to appellate review will be meaningless because they will have already been forced to remove their pipe from the property before the Tenth Circuit determines whether removal is ultimately required under the law and all appeals are final.  Defendants assert that to comply with the injunction order, they would incur not only the costs of excavation and remediation, but also the costs of acquiring new easements and rerouting portions of their line and these costs may exceed $500,000.  Defendants further contend that once they incur the costs of removing their pipe, they will have no financial incentive to replace the pipe, even if the Tenth Circuit says the pipe should never have been required to be removed in the first place.  Defendants, thus, contend that they will suffer irreparable harm without a stay.  Additionally, defendants contend that plaintiffs will not be harmed by the requested stay as the pipeline has been on the property nearly forty years, does not

substantially encumber or diminish plaintiffs' enjoyment of their property, and any damages suffered by plaintiffs are monetary in nature and are, therefore, not irreparable. Defendants also contend that the public interest supports the issuance of a stay of the injunction order as there is a strong public policy in favor of appeal rights and defendants may be forced to remove the pipeline at issue before they can construct a replacement and this could cause defendants' pipeline to operate in a sub-optimal manner which could affect one of defendants' major customers, a power plant operated by Public Service Company of Oklahoma, which services a large number of southwest Oklahoma homes and businesses. Finally, defendants contend that they have and will raise serious appellate questions that deserve a final decision by the court of appeals.

Plaintiffs, on the other hand, contend that defendants do not satisfy any of the factors this Court should consider when determining whether to grant a stay in this case. Specifically, plaintiffs assert that defendants have presented no evidence that they will suffer irreparable harm if the permanent injunction is not stayed and that all of the harm defendants forecast is purely economic. Plaintiffs further assert that defendants' argument that their appeal rights will be "rendered meaningless" if the injunction is not stayed is incorrect as defendants have made no showing that the status quo ante could not be restored after the appeal or that the cost to reinstall the pipeline would have a material impact on the company. Defendants merely contend that they would not be interested in doing so if they have to remove the pipeline in the interim. Plaintiffs also assert that defendants have not shown any potential harm to third parties or the public interest if the stay is not granted. Plaintiffs further contend that a stay will unquestionably cause further irreparable harm to plaintiffs' fundamental property rights and to the Kiowa Tribe's sovereignty. Finally, plaintiffs assert that defendants have failed to identify the nature of their arguments on appeal, much less shown that defendants are likely to prevail on those arguments.

Having carefully reviewed the parties' submissions, the Court finds that defendants have not met their burden of showing the four factors warrant a stay in this case. Specifically, the Court finds that absent a stay, defendants will primarily suffer only economic losses, and such losses do not constitute irreparable harm. *See Schrier v. Univ. of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005). Further, the Court finds any impact on defendants' right to appellate review in the absence of a stay is not sufficient, by itself, to warrant a stay in light of the other factors this Court must consider. The Court also finds that plaintiffs will suffer harm if the permanent injunction is stayed pending appeal. During the period of any stay, defendants will continue to trespass on plaintiffs' property, a trespass that has been ongoing for many years. Additionally, the Court finds that the public interest suffers harm both if a stay is entered and if a stay is not entered and, thus, is a neutral factor. There is a strong public interest in the ability of property owners to preserve and maintain their right to control the use of their lands and in the protection of tribal sovereignty. There is also a strong public interest in the protection of appeal rights and preventing customers from being provided sub-optimal service. Finally, the Court finds that defendants have not shown that there is any likelihood that they will prevail on appeal.[2]

Accordingly, the Court DENIES defendants' Motion to Stay Permanent Injunction [docket no. 72].

**IT IS SO ORDERED this 21st day of March, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] In their motion, defendants alternatively request that a stay be entered pursuant to the Court's inherent powers to the extent the Court does not wish to enter a stay pursuant to Rule 62(c). Under the circumstances involved in this case, the Court finds it would not be appropriate to use its inherent power to stay.